EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 22 2003

at 4 o'clock and 2 min. ___M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR03-00517 SOM |
| Plaintiff, ) | |
| ) | INDICTMENT |
| vs. ) | |
| ) | [18 U.S.C. §§ 371 and 545; |
| D.M. "DUSTY" GRUVER, ) | 16 U.S.C. § 3372(a)(1)] |
| aka DUSTIN AYER MULDOON, and ) | |
| JACKSON MULDOON, ) | |
| ) | |
| Defendants. ) | |

INDICTMENT

COUNT 1

The Grand Jury charges:

At all times relevant to this Indictment:

1.   The United States, Australia, the Philippines, Malaysia, China, Thailand, and Nepal, among numerous other countries, are signatories to an International treaty known as

the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"); the purpose of CITES is both to monitor the trade in wildlife and to protect such wildlife from commercial activities which might diminish the capability of any species to survive in the wild, 27 U.S.T. 1087, T.I.A.S. No. 8249, 933 U.N.T.S. 243 (hereinafter CITES).

2. CITES Appendix I includes wildlife species threatened with extinction which are or may be affected by trade. Trade in these species is subject to strict regulation in order not to endanger further their survival and is authorized only in exceptional circumstances. CITES, Article II (1).

3. The Orangutan (*Pongo pygmaeous*), Helmeted Hornbill (*Buceros vigil*), Clouded leopard (*Neofelis nebulosa*) and Leopard (*Panthera pardus*) are all listed as Endangered by the Endangered Species Act, 50 C.F.R. 17.11 and as a protected species in Appendix I of CITES, 50 C.F.R.

4. The Sun bear (*Helarctos malayanus*), Asiatic black bear (*Ursus thibetanus*), are listed as a protected species in Appendix I of CITES, 50 C.F.R.

5. D.M. "DUSTY" GRUVER and JACKSON MULDOON are brothers. GRUVER resides in Hawaii and is involved in the sale of Tribal Artifacts as a full-time business. MULDOON resides in Oregon and operates a nursery business and at times relevant to

this Indictment assisted his brother in the smuggling of endangered species parts and products.

## Ways and means of the conspiracy

6. From on or about October 1, 1998 and continuing to on or about July 14, 2003, within the District of Hawaii and elsewhere, the Defendants D.M. "DUSTY" GRUVER and JACKSON MULDOON, together with others, knowingly and intentionally conspired to smuggle and fraudulently transport and bring into the United States protected wildlife and endangered species body parts and/or products manufactured from them, including Orangutan (*Pongo pygmaeous*), Helmeted Hornbill (*Buceros vigil*), Clouded leopard (*Neofelis nebulosa*) and Leopard (*Panthera pardus*), which are species listed as endangered by the Endangered Species Act, from Australia, the Philippines, Malaysia, China, Nepal, and Thailand, in violation of Title 18, United States Code, Section 545.

7. The Defendant D.M. "DUSTY" GRUVER advertised these smuggled body parts and animal products for sale to the public over the internet after obtaining them himself or from J.T. who was in Malaysia.

8. During relevant times of this conspiracy, the products and parts described in paragraph 7 were sent at Defendant D.M. "DUSTY" GRUVER's request to Defendant JACKSON MULDOON in Oregon, who would distribute them as GRUVER requested.

Overt Acts

9. In furtherance of the unlawful conspiracy and to effect the objectives thereof, within the District of Hawaii and elsewhere, the Defendants D.M. "DUSTY" GRUVER and JACKSON MULDOON, and others, in furtherance of the conspiracy charged here, did send or cause to be sent the following communications and did the following acts:

a) On or about October 7, 1998, Defendant GRUVER sold two hornbill ear weights to R.W. for $400.00 and mailed the items USPS certified mail to Maryland from Hawaii.

b) On or about October 18, 1998, Defendant GRUVER purchased two Orangutang skulls and two hornbill items for $500.00 from J.T. who was located in the country of Malaysia.

c) On or about October 24 1998, Defendant GRUVER sold two hornbill ear weights to R.W. for $600.00 and mailed the items USPS certified mail to Maryland from Hawaii.

d) On or about October 29, 1998, Defendant GRUVER sold one hornbill casque for $1000.00 and the item was shipped to Maryland from Hawaii.

e) On or about December 28, 1998, Defendant GRUVER was sent a package from Malaysia containing two hornbill skulls, two hornbill casques, and two tiger teeth. The items were seized by U.S. Customs.

f) On or about April 6, 1999, Defendant GRUVER sold

two orangutan skulls, one sun bear skull, and a trophy skull for $3,300.00 and mailed the items USPS certified mail to Montana from Hawaii.

    g) On or about April 29, 1999, Defendant GRUVER sent an email to Defendant MULDOON that stated the following: "Jack - let me know when you get this letter. There are boxes of stuff coming to me, via you, from Borneo. Let me know when they come and you can send them right on over to me. You will have to cover them with brown paper so they will appear domestic. And if the fish and wildlife guys come by for a chat, just tell them to get the [f...] off your property and don't come back unless they have a warrant. Then, jam to the post office and mail the box, pronto, you know? Ok, glad you can help me with this. I know nothing!!!!! Just practice that over and over. Love dusty."

    h) On or About May 5, 1999, Defendant GRUVER purchased one orangutan skull from J.T. who was located in Malaysia.

    i) On or about June 20, 1999, Defendant GRUVER sent an email to Defendant MULDOON that stated the following: "the reason that I need that liquid smoke is that I engage in let's say, ahhhhhhh, certain restorative techniques on numbers of tribal objects that I bring into the country. This is not supposed to be done, but if an item is OK, but does not have

much of a "patina" that everyone looks for and values, then I work on it until it does have a killer patina. Trouble is, the "secret materials and techniques" that I use often leave a, ummmmm, 'modern' sort of smell, you see. And, often as not, that woodsmoke "TRIBAL"-"REALLY AND TRULY GENUINE PRIMITIVE" smell will make the sale, after the correct "look" has already captivated the collector. ...and it is my opinion that LIQUID SMOKE (tm) will 'bring it all back' if you catch my drift...."

    j)   On or About July 13, 1999, J.T. sent 5 carved hornbill earrings to Defendant GRUVER.

    k)   On or about July 15, 1999, J.T. sent two carved orangutan skulls to Defendant MULDOON in Oregon.

    l)   On or about September 4, 1999, Defendant GRUVER sold an endangered bear skull for $227.50 and mailed it by USPS certified mail to Ohio from Hawaii.

    m)   On or about September 17, 1999, Defendant GRUVER was sent a package from Australia containing one hornbill skull. This package was intercepted by U.S. Customs and seized.

    n)   On or about September 21, 1999, Defendant GRUVER was sent a package from the Philippines containing a monkey skull necklace. This package was intercepted by U.S. Customs and seized.

    o)   On or about October 5, 1999, Defendant GRUVER sent an email to J.T. stating the following: "I just sustained

some very heavy loses in U.S. Customs. I still want to take the chance on the hornbill but only if you can do the following - stain everything with the purple juice and do not buff or polish. I know it will look enough like wood carvings to pass almost any inspection. This will satisfy me enough to take the risk....".

    p)    On or about October 10, 1999, Defendant GRUVER sent an email to J.T. that stated the following: "...I hope that you at least tried to disguise the objects in question in this shipment - that is my great hope at the moment, that all the items look like wood. I have deleted all of my extensive correspondence files with you, in case my hard drive is confiscated by the government should this investigation get any worse....".

    q)    On or about October 28, 1999, J.T. sent two sets of hornbill earrings to Defendant MULDOON in Oregon.

    r)    On or about October 31, 1999, Defendant GRUVER sold two primate skulls and one cranial bowl for $2,222.50. The items were mailed by USPS certified mail to Montana from Hawaii.

    s)    On or about October 31, 1999, Defendant GRUVER sent an email to J.T. that stated the following: "Send to Jack, in separate boxes. I take the risk. And the closer to Xmas, the better, as there will be much more mail coming thru and less

chance to check."

t)  On or about November 23, 1999, Defendant GRUVER sold two hornbill ivory ear weights for $500.00 and mailed them by USPS insured mail to Belgium from Hawaii.

u)  On or about November 26, 1999, J.T. sent hornbill ear weights to Defendant MULDOON in Oregon.

v)  On or about November 26, 1999, Defendant sold one hornbill ear weight for $300.00 and mailed it by USPS insured mail to Switzerland from Hawaii.

w)  On or about December 9, 1999, Defendant GRUVER sent an email to Defendant MULDOON that stated the following: "....the next to the last box came today.  Thanks a heap.  It is 'funny' how they are just slitting the wrapper and looking at the outside of the box without ever breaking the any seal of the box itself.  I mean, every box has questionable things in it, and every one is 'opened' for inspection, but nothing is really inspected!  So far anyway.  The combination of Malaysian origin and the nursery as a destination must be clicking something....".

x)  On or about December 12, 1999, Defendant GRUVER sent an email to Defendant MULDOON that stated the following: "...The 1st box arrived yesterday.  Thanks it was an extremely important box with a trophy skull and dart container....  I will send some money to pay for the postage that you have been

covering regarding these boxes from MY. One more is on its way, as of two or three days ago....".

y) On or about December 18, 1999, Defendant GRUVER sold a Helmeted hornbill ivory ear weight to a Special Agent via the online auction E-Bay for $528.00 and mailed it by USPS certified mail to Illinois.

z) On or About February 15, 2000, Defendant sold another hornbill ivory ear weight for $350.00 to a Special Agent and mailed it USPS certified mail to Illinois.

aa) On or about March 19, 2000, Defendant GRUVER sold one hornbill ivory ear weight to a Special Agent and mailed it USPS certified mail to Illinois.

bb) On or about March 21, 2000, Defendant GRUVER sold one hornbill ear weight to R.W. for $350.00. The item was mailed USPS certified mail to Florida from Hawaii.

cc) On or about February 21, 2002, Defendant GRUVER was found to be in possession of items made from the following CITES protected wildlife species: Leopard, Clouded leopard, Asiatic black bear.

dd) On or About July 14, 2003, Defendant GRUVER imported five (5) ivory carvings and one (1) Mammal tooth from China with out the required CITES permits.

All in violation of Title 18, United States Code, Sections 371 and 545.

COUNTS 2 - 9

The Grand Jury further charges:

10.   Paragraphs 1-4 are repeated and re-alleged as though set forth in full here.

11.   On or about the dates listed below, within the District of Hawaii and elsewhere, the Defendant D.M. "DUSTY" GRUVER did fraudulently and knowingly import and bring into the United States merchandise, to wit:  Orangutan, Helmeted hornbill, leopard, Asiatic black bear, and Sun bear, parts and products contrary to law, and sell such merchandise knowing the same to have been imported and brought into the United States contrary to law.

| COUNT | DATE |
|---|---|
| 2 | October 29, 1998 |
| 3 | April 6, 1999 |
| 4 | September 4, 1999 |
| 5 | October 31, 1999 |
| 6 | November 26, 1999 |
| 7 | December 18, 1999 |
| 8 | February 15, 2000 |
| 9 | March 19, 2000 |

All in violation of Title 18, United States Code, Section 545.

COUNTS 10 - 12

The Grand Jury further charges:

12.   Paragraphs 1-4 are repeated and re-alleged as though set forth in full here.

13.   On or about the dates listed below, within

the District of Hawaii and elsewhere, the Defendant D.M. "DUSTY" GRUVER did knowingly and intentionally import, transport, sell, receive and acquire "fish and wildlife," parts and products, to wit: helmeted hornbill ear weights, knowing that "fish and wildlife" were taken, possessed, and transported in violation of the laws, treaties and regulations of the United States.

| COUNT | DATE |
|---|---|
| 10 | October 24, 1998 |
| 11 | June 20, 1999 |
| 12 | March 21, 2000 |

All in violation of Title 16, United States Code, Section 3372(a)(1).

DATED: October 22, 2003 at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

United States v. D.M. "Dusty" Gruver,
aka Dustin Ayer Muldoon, and Jackson Muldoon;
Cr. No. _____
"Indictment"